IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ESTATE OF BETTY DUNFEE,**

        Plaintiff,

   vs.                                  Civil Action 2:08-CV-759
                                                  Magistrate Judge King

**FOREMOST INSURANCE COMPANY,**

        Defendant.

## OPINION AND ORDER

Plaintiff seeks recovery in connection with the fire loss of certain real and personal property insured by defendant. The complaint asserts claims of breach of contract and breach of the duty of good faith and fair dealing. With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on the *Motion for Summary Judgment by Foremost Insurance*, Doc. No. 19 ("*Defendant's Motion for Summary Judgment*"), and *Motion of Plaintiff Pursuant to Civ. R. 56(f)*, Doc. No. 21 ("*Plaintiff's Rule 56(f) Motion*").[1] For the reasons set forth below, *Plaintiff's Rule 56(f) Motion* is **DENIED** and *Defendant's Motion for Summary Judgment* is **GRANTED**.

**I.    BACKGROUND**

On July 7, 2008, plaintiff filed his complaint in the Court of Common Pleas for Athens County, Ohio. *Complaint With Jury Demand Endorsed Hereon*, Doc. No. 1-1 ("*Complaint*" or "*Compl.*"). On August 6,

---

[1] Defendant filed a memorandum in opposition to *Plaintiff's Rule 56(f) Motion*. Doc. No. 22. On the same day that that filing was made, defendant also filed what appears to be an identical opposition brief with no request for leave to amend; however, the document appears as a pending motion to amend Doc. No. 22 on the Court's docket. Doc. No. 23. The Clerk is **DIRECTED** to remove Doc. No. 23 from the Court's pending motions list and, for ease of reference, the Court will refer to Doc. No. 23 when referring to defendant's opposition brief ("*Defendant's Memo. in Opp.*").

2008, defendant removed the action to this Court based on diversity jurisdiction, 28 U.S.C. § 1332.

A preliminary pretrial conference was held on September 17, 2008, during which the Court established case deadlines. *Preliminary Pretrial Order*, Doc. No. 9. After plaintiff failed to comply with these deadlines,[2] defendant filed a motion for sanctions pursuant to Fed. R. Civ. P. 37(c), asking that plaintiff be precluded from introducing evidence not already in defendant's possession and prohibited from introducing expert testimony. Doc. No. 12. Because plaintiff failed to meet its obligations under Rule 26(a), and because plaintiff neither justified that failure nor established that its failure was harmless, the Court granted defendant's motion for sanctions. *Opinion and Order*, Doc. No. 14.

Subsequently, defendant filed *Defendant's Motion for Summary Judgment*. Shortly thereafter, plaintiff filed *Plaintiff's Rule 56(f) Motion*. The Court will address each motion in turn.

## II. *PLAINTIFF'S RULE 56(f) MOTION*

Rule 56(f) of the Federal Rules of Civil Procedure establishes the proper procedure when a party concludes that additional discovery is necessary in order to respond to a motion for summary judgment:

> **When Affidavits Are Unavailable.** If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may:
>
>    (1)   deny the motion;

---

[2]Plaintiff failed to make its initial disclosures as required by F.R. Civ. P. 26(a)(1) and failed to make any expert designations by the date established by the Court pursuant to F.R. Civ. P. 16. *See Opinion and Order,* Doc. No. 14.

>   (2)  order a continuance to enable affidavits to be obtained, depositions to be taken or other discovery to be undertaken; or
>
>   (3)  issue any other just order.

Fed. R. Civ. P. 56(f). The affidavit required by the rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode,* 866 F.2d 1391, 1393-94 (3d Cir. 1989)). A motion under Rule 56(f) may be properly denied where the requesting party "makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered," *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) (citing *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)). *See also Cardinal v. Metrish*, 564 F.3d 794, 797-98 (6th Cir. 2009) ("If the plaintiff makes only general and conclusory statements in his affidavit regarding the needed discovery, lacks any details or specificity, it is not an abuse of discretion for the district court to deny the request.").

In the case *sub judice*, plaintiff seeks additional time to respond to discovery requests, including requests for admission, and to *Defendant's Motion for Summary Judgment*. *Plaintiff's Rule 56(f) Motion* and *Affidavit of Steven E. Hillman* ("*Hillman Affidavit*"), attached thereto. In support of this request, plaintiff has submitted

an affidavit signed by counsel averring that an affidavit by the administrator of the plaintiff Estate, John K. Dunfee, is necessary in order to properly respond to *Defendant's Motion for Summary Judgment*. *Hillman Affidavit* ¶ 2. Plaintiff's counsel further avers that he has attempted to communicate with Mr. Dunfee on multiple occasions to obtain discovery responses and the necessary affidavit, but has been unable to do so because Mr. Dunfee has been ill and unable to communicate. *Id*. at ¶¶ 3-7.

Thereafter, in response to the Court's *Order*, Doc. No. 26, plaintiff filed a status report notifying the Court that counsel had met with and secured from Mr. Dunfee an affidavit pursuant to Fed. R. Civ. P. 56(f). *Status Report of John Dunfee*, Doc. No. 27 ("*Plaintiff's Status Report*"), and *Rule 56(f) Affidavit of John K. Dunfee* ("*Dunfee Affidavit*"), attached thereto. In his affidavit, Mr. Dunfee avers that he has been repeatedly hospitalized since March 16, 2009, and therefore unable to participate in discovery and unable to provide his attorney "with any information." *Dunfee Affidavit* ¶¶ 2-7. Accordingly, plaintiff contends that "[t]he affidavit shows that due to the medical emergencies of the plaintiff he could not present the facts essential to this case." *Plaintiff's Status Report*.

Defendant opposes plaintiff's request for an extension of time to respond to defendant's discovery requests and to the motion for summary judgment, arguing that the request is inconsistent with the Court's prior order, *Opinion and Order,* Doc. No. 14, foreclosing further discovery by plaintiff and that neither affidavit submitted in support of *Plaintiff's Rule 56(f) Motion* is sufficient to support the relief requested by plaintiff. *Defendant's Memo. in Opp.; Defendant*

*Foremost Insurance Co.'s Status Report*, Doc. No. 28 ("*Defendant's Status Report*").

Defendant's arguments are well-taken. Plaintiff has not sought reconsideration of the Court's prior *Order,* Doc. No. 14. Moreover, neither affidavit complies with Fed. R. Civ. P. 56(f) because they fail to identify any material facts that plaintiff hopes to uncover in order to respond to *Defendant's Motion for Summary Judgment*. Instead, both affidavits merely assert, in conclusory fashion, that plaintiff's representative has been generally unavailable because of illness and hospitalization.

Further, neither affidavit even suggests the substantive response that might now be made to defendant's discovery requests, including requests for admission. Under Rule 36(a)(3) of the Federal Rules of Civil Procedure,

> [a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Moreover, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The decision to grant a motion for leave to withdraw or amend deemed admissions is left to the court's discretion. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009); *see also Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) ("A district court has considerable discretion over whether to permit withdrawal or amendment of admissions[.]") (quoting *American Auto. Ass'n v. AAA Legal Clinic*

*of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)(internal quotation marks omitted)).

Here, plaintiff has not filed a motion pursuant to Fed. R. Civ. P. 36 seeking leave to withdraw any matters deemed admitted. Other than asserting that plaintiff's representative has been unavailable to participate in the litigation initiated by him, plaintiff offers no justification under Rule 36 permitting withdrawal of the deemed admissions.[3] Specifically, plaintiff has not contended that withdrawal is appropriate because (1) "presentation of the merits of the action will be subserved thereby," and (2) that defendant "fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Kerry Steel, Inc., Inc.*, 106 F.3d at 154. Moreover, even though counsel communicated with and obtained an affidavit from plaintiff's administrator, plaintiff apparently still failed to serve even untimely discovery responses on defendant. Under these circumstances, plaintiff has not complied with Rule 56(f) and has provided absolutely no reason for either the Court or defendant to conclude that there is any specific,

---

[3]In defense of his failure to respond to defendant's requests for admissions, plaintiff also argues that a party is permitted to assert lack of knowledge or information as a reason for failing to admit or deny a request for admission. Doc. No. 24 (citing Fed. R. Civ. P. 36(a)(1)(B)(4)). Plaintiff specifically contends that, because defendant argues that the plaintiff's administrator has no knowledge of the material facts, the defendant "clearly admits that all of the admissions would necessarily be denied due to the lack of knowledge of the plaintiff." *Id*. Plaintiff's suggestion, *i.e.,* that defendant's presumed knowledge of plaintiff's anticipated answers to the requests satisfies Rule 36, is without merit. As set forth *supra*, Rule 36 requires "a *written* answer or objection" from the responding party. Fed. R. Civ. P. 36(a)(3) (emphasis added). Simply asserting in a motion or supporting brief that requests to admit would have been denied is insufficient under Rule 36. Indeed, accepting plaintiff's argument would undermine the rule's requirements and deadlines, obviating a party's obligation to formally respond to requests for admission.

6

material fact that plaintiff could present by way of affidavit should the requested extension of time be granted. Accordingly, *Plaintiff's Rule 56(f) Motion* is **DENIED**.

### III. *DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In support of its motion for summary judgment, defendant submits three affidavits, the sworn statement of Billy Dunfee and other documentary evidence. Because plaintiff has not responded to the motion for summary judgment, the facts stated in the affidavits and other papers submitted in support of defendant's motion must be accepted as uncontroverted. Specifically, the decedent, Betty Dunfee, owned a trailer home insured against fire loss pursuant to a policy issued by defendant ("the Policy"). *Defendant's Motion for Summary Judgment*, p. 3 (citing Exhibit E, attached thereto). At the time of the fire in July 2007 ("the fire"), Ms. Dunfee was living in a nursing home and it was her adult son, Billy Dunfee, who was living in the trailer. *Id*. (citing Exhibits A and F, attached thereto). On the day of the fire, Billy Dunfee refused to answer questions about the fire, invoking his privilege against self-incrimination under the Fifth Amendment to the United States Constitution. *Id*. at 4 (citing Exhibit

7

F). However, the local fire department, the Ohio State Fire Marshal and defendant's independent fire expert all investigated the fire and all determined that the fire originated with arson. *Id*. at 3-4 (citing Exhibits A, B and C, attached thereto).

Months after the fire, Billy Dunfee was examined under oath[4] at which time he admitted that (1) he was living alone in the trailer at the time of the fire; (2) he locked the trailer when he left the premises on the morning of the fire; (3) he was the only person who had a key to the trailer; and (4) the trailer was still locked when the fire was discovered. *Id*. at 4 (citing Exhibits A and F).[5]

In addition, defendant's investigation shortly after the fire revealed evidence of a motive for arson: Billy Dunfee could not afford the mortgage payments on the trailer and at the same time pay for his mother's nursing home care. *Id*. at 4-6 (citing Exhibits A, D and F, attached thereto; Request for Admission Numbers 9-11, attached thereto).

The Policy excludes damage "intentionally caused by any of you[.]" *Id*. at 6-7 (quoting Exhibit E, p. 15, attached thereto). "You" is defined in the Policy as the named insured as reflected on the Policy's declaration page (here, Ms. Dunfee) and a family member of that person. *Id*. (quoting Exhibit E). "Family member means a person who resides in your household and is related to you by blood, marriage or adoption." Exhibit E, p.9. As a family member residing

---

[4]Ms. Dunfee died before she could provide a statement under oath. *Id*. (citing Exhibit A).

[5]Billy Dunfee apparently died shortly after making his statement under oath. *Affidavit of Donald Krafjack,* ¶4, attached as Exhibit A to *Defendant's Motion for Summary Judgment.*

within the home, Billy Dunfee qualified as a person whose intentional damage to the premises was excluded under the Policy. As previously noted, defendant has presented circumstantial evidence that Billy Dunfee intentionally caused the fire in the trailer.

The Policy also provides that it will be voided if the insured or a family member intentionally conceals or misrepresents any material fact or circumstance, engages in fraudulent conduct or makes false statements. Exhibit E, p.23. Defendant has established that Billy Dunfee misrepresented the following facts in his sworn statement: that he had not missed a mortgage payment in the past year; Exhibit F, p.8; that he had not asked that his mortgage payment be lowered, *id.,* pp. 8, 11; that he had never been denied a loan, *id.,* pp. 8, 11; that he had not experienced an increase in his living expenses because his mother was in a nursing home, *id.,* pp. 9, 11, and that he had never spoken to Citifinancial, the mortgagee, prior to the fire about the consequences of a fire, *id.,* p. 11-12. *See also Deemed Admissions,* Nos. 9-11, 16, Exhibit D.

Finally, the Policy requires that "you file with us a notarized statement of loss within 90 days after the loss ... . If you fail to cooperate, we have the right to deny you coverage under this policy." Exhibit E, p.23. Neither Ms. Dunfee nor Billy Dunfee submitted a notarized statement. *Deemed Admission* No. 5, Exhibit D.

These three separate grounds, each authorized by the express terms of the Policy, provided the bases for defendant's denial of coverage. Exhibit A, ¶9. Accordingly, plaintiff's claims for breach of contract and bad faith are without merit.

**WHEREUPON**, *Motion for Summary Judgment by Foremost Insurance*, Doc. No. 19, is **GRANTED** and *Motion of Plaintiff Pursuant to Civ. R. 56(f)*, Doc. No. 21, is **DENIED**.[6] The Clerk shall enter **FINAL JUDGMENT** in this case.

January 25, 2010                    s/Norah McCann King
                                     Norah McCann King
                              United States Magistrate Judge

---

[6]For the reasons stated *supra*, the Clerk is **DIRECTED** to remove Doc. No. 23 from the Court's pending motions list.